IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ISLAND INTELLECTUAL PROPERTY LLC, § § § *Plaintiff*, § § v. § § TD AMERITRADE, INC., TD § AMERITRADE CLEARING, INC., TD § AMERITRADE TRUST COMPANY, TD § AMERITRADE HOLDING CORP., THE § CHARLES SCHWAB CORPORATION, § § *Defendants*. § | CIVIL ACTION NO. 2:21-CV-00273-JRG-RSP |

## ORDER

Before the Court is the Report and Recommendation ("R&R") of the Magistrate Judge regarding Defendants' Motion for Summary Judgement of Invalidity under § 101. (Dkt. No. 184.) Plaintiff Island Intellectual Property LLC ("Island") objects to the R&R which recommends to this Court that it grant Defendants' motion for summary judgment that certain claims of the '286, '551, and '821 Patents are ineligible under § 101.[1] Having reviewed Island's objections, and having fully considered the R&R *de novo*, the Court finds no reason to reject or modify the Magistrate Judge's recommended disposition. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

Contrary to Island's objections, the conclusion of the Magistrate Judge's R&R that the claims as issue are directed to an abstract idea under *Alice* step one and contain no inventive concept under *Alice* step two is correct. Claim 18 of the '551 Patent is directed to the abstract idea of "aggregating and managing a plurality of funds to circumvent federal banking regulations and

---

[1] Island has agreed to limit its asserted claims to claim 18 of the '551 Patent, claims 19 and 25 of the '821 Patent, and claim 1 of the '286 Patent. (Dkt. No. 182.)

capitalizing on high interest rates associated with FDIC accounts through the use of generic computer functionality," which are "fundamental economic and accounting practices consistently deemed abstract by the Supreme Court and the Federal Circuit." (Dkt. No. 184 at 5–7.) Under *Alice* step one, the Court examines the claims in their entirety to ascertain whether their character, as a whole, is directed to an abstract idea. While this necessarily involves some distillation, the Court must be careful not to express the claim's focus at an unduly "high level of abstraction . . . untethered from the language of the claims," but rather at a level consonant with the level of generality or abstraction expressed in the claims themselves. *Enfish LLC v. Microsoft Corp.*, 822 F.3d 1327, 1347 (Fed. Cir. 2016). The Court finds no error in the R&R's characterization of claim 18 of the '551 Patent as directed to the fundamental economic activity of aggregate account management, and finding that Island has not identified a specific means that improves computer functionality or solves a problem specifically arising from computers.

In its objection, Island asserts that the R&R fails to conduct the requisite two-step analysis under *Alice* for the '286 Patent because it did not cite the "Field of Invention" in the '286 Patent and used broad overgeneralizations. (Dkt. No. 189 at 3–5.) However, the specification "cannot be used to import details from the specification if those details are not claimed," even in the § 101 analysis. *Ericsson Inc. v. TCL Commc'ns Tech. Holdings Ltd.*, 955 F.3d 1317, 1328–29 (Fed. Cir. 2020). Even considering the "Field of Invention" in the '286 Patent, which discusses "computerized account management techniques . . . by which financial entities may offer accounts allowing unlimited withdrawals" (which is not claimed), and "the deposited funds earn interest at rates that can be flexibly assigned and are covered by deposit insurance" (Dkt. No. 189 at 3), Island does not explain how such consideration results in a finding that the claim is directed to eligible subject matter.

The R&R explains why the analysis with respect to claim 18 of the '551 Patent applies with equal force to the remaining claims in suit, including claim 1 of the '286 Patent. (Dkt. No. 184 at 9–10.) It states that the additional limitations recited in claim 1 of the '286 Patent "are all fundamental economic and accounting activities deemed abstract . . . ." (*Id.* at 10.) Thus, the focus of claim 1 of the '286 Patent, considering its character as a whole, remains on fundamental economic and accounting activities that are implemented by generic computer components. Similarly, the focus of claim 19 of the '821 Patent is also on fundamental economic practices, with only inconsequential permutations that do not meaningfully add to the eligibility analysis. (*Id.* at 9–10.) Claim 25's invocation of the Internet likewise does not save the claim from abstraction.

The R&R addresses the claims in suit under *Alice* step two by finding that claim 18 of the '551 Patent lacks an inventive concept. (*Id.* at 8–9.) The R&R then explains why this analysis also applies to the claims of the remaining patents, addressing the limitations of claim 1 of the '286 Patent that differ from claim 18 of the '551 Patent, and noting that Island does not present any § 101 eligibility argument specific to distinguishing the '821 Patent from the '551 Patent. (*Id.* at 9–10.)

At *Alice* step two, the Court searches for "an inventive concept—i.e., an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 217–18 (2014). "What is needed is an inventive concept in the non-abstract application realm." *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1168 (Fed. Cir. 2018); *see also Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1151 (Fed. Cir. 2016) ("[A] claim for a new abstract idea is still an abstract idea."). The inquiry into the inventive concept "may" involve factual determinations about whether a claim element or combination of elements is well-

3

understood, routine, and conventional. *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018). However, ultimately "whether a claim recites patent eligible subject matter is a question of law which may contain underlying facts." *Id.*

The R&R correctly applied these principles in finding that claim 18 of the '551 Patent does not contain an inventive concept, for example, citing *SAP Am., Inc. v. InvestPic LLC*, where the Federal Circuit determined that "[n]o matter how much of an advance in the finance field the claims recite, the advance lies entirely in the realm of abstract ideas, with no plausibly alleged innovation in the non-abstract application realm." 898 F.3d at 1163. Like the alleged innovation in the *InvestPic* patent, which was found to be an innovation in ineligible subject matter, the purported innovation in "cash management" of the '551 Patent concerns the abstract idea of fundamental economic and accounting activities itself, which is not sufficient to confer eligibility. *See id.* at 1170. Island's assertions that its claims "solve[] a difficult technical problem" do not address the fact that it does not point to a specific improvement to computer functionality. (*See* Dkt. No. 184 at 8–9.) The R&R distinguishes cases relied on by Island where improvements were directed to non-abstract concepts. (*Id.* at 9.)

Put simply, "[t]he abstract idea itself cannot supply the inventive concept, 'no matter how groundbreaking the advance.'" *Trading Techs. Int'l, Inc. v. IBG LLC*, 921 F.3d 1378, 1385 (Fed. Cir. 2019). The R&R correctly found that claim 18 of the '551 Patent does not contain an inventive concept outside the realm of abstract ideas (Dkt. No. 184 at 8–9), and no amount of "overwhelming evidence of unconventionality and inventiveness" from Island can change that. (Dkt. No. 189 at 8.) The R&R applies the same reasoning as the above to claim 1 of the '286 Patent and notes that its additional limitations of "determining and applying an interest rate to individual funds held in aggregate," "calculating the respective interest of each individual fund over a period of time,"

4

"calculating the interest earned by the aggregate FDIC account over the same period of time," and "posting the interest earned by individual funds" are all fundamental economic and accounting activities deemed abstract and do not provide any additional inventive concept. (Dkt. No. 184 at 9–10.) The '286 Patent's description of flexible interest allocation and aggregated deposit accounts make clear that these claim elements lie entirely in the abstract realm of fundamental economic and accounting activities. *See* '286 Patent at 11:6–14:3, 19:7–21:60. Beyond that, invocations of an "electronic database" or other steps performed "electronically" fall squarely within Federal Circuit precedent finding generic computer components insufficient to add an inventive concept to an otherwise abstract idea. *See In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 614 (Fed. Cir. 2016). Furthermore, general concepts about how to "make a process more efficient . . . do[] not necessarily render an abstract idea less abstract." *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 910 (Fed. Cir. 2017).

Island's arguments relying on industry praise to demonstrate that the patents in suit perform steps that are not well-known, routine, or conventional (Dkt. No. 114 at 30) are unavailing. As are statements from the prosecution history and Island's inventor and technical expert. (Dkt. No. 189 at 4–5.) The December 19, 2008 Notice of Allowance predates *Alice* and subsequent case law. (Dkt. No. 124-32). Further, the examiner's statements in the Notice of Allowance concern novelty, but as the R&R recognizes, novelty is not relevant to the § 101 analysis. (Dkt. No. 184 at 8.)

Similarly, Island's arguments regarding a New York court's eligibility determination of the '286 and '551 Patents, decided prior to *Alice* (Dkt. No. 189 at 5–7), do not compel reaching that court's same conclusion. The New York court's observation in *Island Intellectual Prop. LLC v. Deutsche Bank AG* that "[r]eading the claims, it is not difficult to conclude that their methods would be impracticable but for significant and complex computer programming" (2012 WL

5

386282 at *7) reinforce the notion that the only technical aspect of the claims relates to generic computer functionality, not any technical issue outside the realm of abstract ideas.

In summary, the Magistrate Judge's Report and Recommendation implemented a proper analysis under Federal Circuit law, and the Court finds no error in it.

Accordingly,

It is **ORDERED**:

Island's objections (Dkt. No. 189) are **OVERRULED**.

The Magistrate Judge's Report and Recommendation (Dkt. No. 184) is **ADOPTED**.

Accordingly, Defendants' motion for summary judgment (Dkt. No. 92) is **GRANTED**.

**So ORDERED and SIGNED this 17th day of November, 2022.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE